# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER LEA SCHULTE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-959-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability insurance benefits. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). As the parties have briefed their respective positions, the matter is now at issue. For the following reasons, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed her application for disability insurance benefits on October 8, 2007, alleging an inability to work since June 20, 2007, as a result of chronic fatigue syndrome; fibromyalgia; a sleeping disorder; trouble walking; neck, back, and joint pain;

"brain fog"; and recurrent infections. Tr. 12, 154-56, 201, 225. Plaintiff's claim was denied initially and upon reconsideration at the administrative level. Tr. 60, 61, 62-65, 69-72. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on April 21, 2009. Tr. 23-53, 108. Plaintiff appeared in person with her attorney and offered testimony in support of her application. Tr. 25, 26-46. A vocational expert also testified at the request of the administrative law judge. Tr. 47-51, 137. The administrative law judge issued his decision on July 29, 2009, finding that Plaintiff was not disabled. Tr. 9-11, 12-22. The Appeals Council denied Plaintiff's request for review on July 1, 2010, and the decision of the administrative law judge thereby became the final decision of the Commissioner. Tr. 1-3.

## II. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process required by 20 C.F.R. § 404.1520. Tr. 12-14. He first determined that Plaintiff had not engaged in substantial gainful activity since June 20, 2007, the alleged disability onset date. Tr. 14. At steps two and three, the administrative law judge determined that Plaintiff suffers from fibromyalgia, ulcerative colitis, and general anxiety disorder, all of which he found to be severe, but not severe enough to meet or equal the criteria of any listed impairment or combination of impairments described in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations. Tr. 14-17. The administrative law judge next determined that Plaintiff has the residual functional capacity (RFC) to perform a limited range of sedentary work. Tr. 17. Specifically, the administrative law judge found

2

that Plaintiff can occasionally lift and/or carry (including pushing and/or pulling) ten pounds and frequently lift and/or carry (including pushing and/or pulling) less than ten pounds; can stand and/or walk for two to three hours in an eight hour day; can sit for six hours in an eight hour day; needs to occasionally change positions; can occasionally climb stairs, balance, bend and/or stoop, crouch, kneel, and crawl; cannot climb ladders or scaffolds; can do simple tasks; and can have superficial contact with co-workers and supervisors but no public contact. Tr. 17. Based on this RFC and the testimony of a vocational expert, the administrative law judge determined at step four that Plaintiff cannot perform her past relevant work of day care owner/operator, case manager, para driver, and nurse aide. Tr. 20-21. However, based on the Medical-Vocational guidelines and the testimony of the vocational expert, the administrative law judge found that a person with Plaintiff's vocational factors and RFC could perform other work that exists in significant numbers in the economy, such as assembly worker and machine operator. Tr. 21-22. Accordingly, the administrative law judge found Plaintiff not disabled and not entitled to benefits. Tr. 22.

## III. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

[W]e[1] independently determine whether the [administrative law judge's] decision is free from legal error and supported by substantial evidence. Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla but less than a preponderance. Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, we remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks and brackets omitted). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520; Wall, 561 F.3d at 1052. The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy given the claimant's age, education, and work experience. Williams, 844 F.2d at 751.

---

[1]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) (Kane, J., concurring) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court–the standard applicable to appellate review of individual social security cases.").

## IV. DISCUSSION

Plaintiff argues that the administrative law judge's finding that Plaintiff could perform other work which exists in significant numbers in the economy is not supported by substantial evidence because the vocational expert's testimony that Plaintiff could perform work as a "machine operator" or "assembly worker" conflicts with the Dictionary of Occupational Titles (DOT). Plaintiff's Opening Brief, 5-6. Plaintiff notes that the administrative law judge did not provide any description on the record regarding the DOT listing for the "machine operator" and "assembly worker" jobs he identified. Plaintiff's Opening Brief, 6. She then contends that the DOT lists at least thirteen different jobs of "machine operator" all of which are "light" to "heavy" and "semi-skilled" to "skilled" jobs. Plaintiff's Opening Brief, 6-7. Plaintiff claims that none of the jobs listed in the DOT as "machine operator" are listed as "sedentary" and "unskilled," two limitations the administrative law judge placed on Plaintiff in assessing her RFC. Plaintiff's Opening Brief, 7. Thus, she argues that the job of "machine operator" is not a valid job listing in this case and the administrative law judge erred in considering it. Plaintiff's Opening Brief, 7. Plaintiff also claims that "there is no job of sedentary, unskilled 'assembly worker' per se existing in the DOT." Plaintiff's Opening Brief, 7. Thus, she argues that "assembly worker" is not a valid job listing and the administrative law judge erred in considering it. Plaintiff's Opening Brief, 8.

The Commissioner responds that the vocational expert's testimony that Plaintiff could perform other work constitutes substantial evidence because her testimony was based on a

hypothetical which contained all of Plaintiff's limitations. Commissioner's Response Brief, 12. The Commissioner also argues that the vocational expert's testimony did not contradict the DOT, and he lists occupations from the DOT which he claims fall within the vocational expert's categories and meet the sedentary, unskilled requirements. Commissioner's Response Brief, 12-13. The Commissioner claims that the administrative law judge was not required to provide DOT numbers, and the vocational expert's testimony served as a proper basis at step five because the DOT contained jobs which fit the vocational expert's description and the vocational expert testified that those jobs existed in substantial numbers in the national economy. Commissioner's Response, 14. Finally, the Commissioner contends that the administrative law judge asked the vocational expert if her testimony conflicted with the DOT and the vocational expert did not note any such conflict. Commissioner's Response, 14-15.

Plaintiff replies that the DOT listings provided by the Commissioner are post hoc justifications and are irrelevant to the issue before the Court because they were not set forth in the administrative law judge's opinion. Plaintiff's Reply Brief, 4. Plaintiff also argues that the administrative law judge's failure to investigate and elicit a reasonable explanation from the vocational expert regarding the conflict between the vocational expert's testimony and the DOT is prima facie error which requires reversal. Plaintiff's Reply, 6-9.

A vocational expert's testimony in response to a hypothetical which accurately reflects a plaintiff's limitations may act as substantial evidence for finding the plaintiff is not disabled. See Wiederholt v. Barnhart, No. 03-3251, 121 Fed. Appx. 833, 839 (10th Cir. Feb.

8, 2005) ("Hypothetical questions should be crafted carefully to reflect a claimant's RFC, as testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision.") (internal quotation marks and brackets omitted);[2] Barnett v. Apfel, 231 F.3d 687, 690 (10th Cir. 2000) (hypothetical was sufficient because it contained all limitations the administrative law judge found to exist); Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993) (hypothetical provided proper basis for determination because it reflected all the administrative law judge's findings).

Social Security Regulation 00-4p clarifies the Commissioner's standards for use of a vocational expert to provide evidence in a hearing before an administrative law judge. Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000). This Ruling notes that occupational evidence provided by a vocational expert should generally be consistent with the occupational information contained in the DOT. Id. at *2. However, the Ruling further provides that neither the DOT nor the testimony from the vocational expert automatically "trumps" when there is conflict. Id. See also Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999) (DOT does not trump vocational expert testimony when there is a conflict, but the administrative law judge must elicit reasonable basis for relying on vocational expert's testimony). Instead, the administrative law judge must resolve the conflict by determining if the vocational expert's explanation is reasonable and whether it provides a basis for relying

---

[2]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

upon her testimony rather than the DOT. Social Security Ruling 00-4p, 2000 WL 1898704 at *2.

The Ruling goes on to note that evidence provided by a vocational expert can include information not listed in the DOT. Id. For example, the Ruling notes that information about a particular job's requirements or about occupations not listed in the DOT may be provided from a vocational expert's experience in job placement or career counseling. Id. Thus, in appropriate cases, an administrative law judge may give greater weight to the testimony of the vocational expert than he does to information provided in the DOT, since the DOT provides standardized information while the vocational expert's testimony is tailored to a hypothetical which accurately reflects a claimant's actual condition. See Bridges v. Astrue, No. 07-490-FJP-DLD, 2008 WL 4510037 at *6 (M.D. La Sept. 30, 2008). While Social Security Rulings are not binding authority, they are nevertheless entitled to deference, unless plainly erroneous or inconsistent with the Social Security Act as the Rulings do represent the Agency's interpretation of its own regulations and the statute which it administers. Walker v. Secretary of Health & Human Services, 943 F.2d 1257, 1259-60 (10th Cir. 1991); Fagan v. Astrue, No. 06-6261, 231 Fed. Appx. 835, 837 n.2 (10th Cir. July 3, 2007); Andrade v. Secretary of Health & Human Services, 985 F.2d 1045, 1051 (10th Cir. 1993).

Here, the administrative law judge conducted a thorough hearing on Plaintiff's application for disability insurance benefits. He not only allowed Plaintiff's attorney to examine her concerning her alleged impairments and how they affected her ability to work, but he also thoroughly inquired of Plaintiff. Tr. 26-46. The administrative law judge then

presented the vocational expert with a hypothetical which contained his very detailed findings regarding the Plaintiff's RFC. Tr. 48-49. The physical limitations were reached after a thorough review of the record, including Plaintiff's testimony, her medical records from Hodgeman County Health Center and an evaluation by Dr. Naveed Salahuddin. Tr. 17-19. The administrative law judge also considered and gave some weight to the medical records of Dr. R. Alan Snodgrass of C & S Medical Clinic, Plaintiff's treating physician, most of which were completed by Marcia Snodgrass, ARNP. Tr. 19-20. These records included two function reports completed by Ms. Snodgrass in November 2008 and February 2009 which the administrative law judge noted were at variance with each other. Tr. 19-20. The administrative law judge also considered Plaintiff's reported pain, symptoms, and limitations and found them inconsistent with and disproportionate to her reported activities and the objective medical evidence. Tr. 20. The mental limitations were taken from a consultative examination report prepared by Dr. Michael H. Schwartz and a mental residual functional capacity assessment form completed by a state agency psychologist. See Tr. 381-83, 398-400. Plaintiff does not take issue with the RFC assessment.

In response to the hypothetical, the vocational expert testified that Plaintiff would be limited to sedentary, unskilled work. Tr. 49. The vocational expert testified that Plaintiff could perform assembly work, of which there are 167,000 jobs in the nation and 20,000 in the region, and machine operator work, of which there are 91,000 jobs in the nation and 11,000 jobs in the region. Tr. 50. The undersigned finds that the vocational expert's

testimony was sufficient for the Commissioner to meet his step five burden, and the decision of the administrative law judge is supported by substantial evidence.

As stated above, Plaintiff alleges that her independent review of the DOT failed to turn up any jobs that she could perform within the categories listed by the vocational expert, while the Commissioner points to specific jobs within those categories that he believes Plaintiff can perform. Regardless, the fact remains that the vocational expert provided "some evidence" that jobs exist in the local and national economies that Plaintiff can perform despite her physical and mental limitations. The administrative law judge satisfied himself that the vocational expert possessed the qualifications to be an expert witness, and Plaintiff's counsel at the administrative hearing did not object to the vocational expert's qualifications as an expert. Tr. 47. Further, the administrative law judge satisfied himself that the vocational expert was familiar with occupations that exist in the region. Tr. 47. "Providing this type of professional, experience-based evidence is precisely what reliance on evidence from a [vocational expert] is meant to accomplish." Rogers v. Astrue, No. 08-4138, 312 Fed. Appx. 138, 142 (10th Cir. Feb. 17, 2009).

Additionally, Plaintiff's argument that the administrative law judge failed to investigate and elicit a reasonable explanation for the alleged conflict between the vocational expert's testimony and the DOT is not supported by the record. The administrative law judge specifically asked the vocational expert to inform him if her testimony conflicted with the DOT or the Selected Characteristics of Occupations, and the vocational expert said she would, but she never noted such a conflict. Tr. 48. Further, Plaintiff does not provide any

citation to the transcript or the DOT in support of his contention that the vocational expert's testimony conflicted with the DOT. Accordingly, the undersigned finds that substantial evidence supports the administrative law judge's decision.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of the Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by May 11, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 21st day of April, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE