# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER LEA SCHULTE, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>    Defendant. ) | Case No. CIV-10-959-R |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered April 21, 2011 [Doc. No. 16] and Plaintiff's Objection to the Report and Recommendation filed May 11, 2011 [Doc. No. 17]. The Magistrate Judge recommended that the decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits be affirmed. In her Objection, Plaintiff argues, as she did before the Magistrate Judge, that the decision of the Commissioner at Step Five is not supported by substantial evidence and is in error. Plaintiff again point outs that neither of the two jobs identified by the Vocational Expres ("VE") and the ALJ as "unskilled" and "sedentary" jobs – "assembly worker" and "machine operator" – coincide with descriptions in the Dictionary of Occupational Titles (DOT) and neither the ALJ nor the VE made any effort to provide an on-the-record description of the DOT listing for each job identified at Step Five. Plaintiff further states that those generic job titles don't exist as unskilled sedentary jobs listed in the DOT. Thus, Plaintiff suggests that the ALJ

failed to satisfy his burden at Step Five, citing *Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir. 1999). Plaintiff further suggests that neither the Commissioner nor the Magistrate Judge contends that the generic job titles listed by the VE and ALJ are jobs listed in the DOT and that the Commissioner's unsupported post hoc arguments as to what the ALJ meant to say or prove at Step Five by the VE testimony cannot be relied upon to satisfy the ALJ's burden at Step Five. To support this argument, Plaintiff cites and relies on Report and Recommendations in *Bode v. Astrue*, Case No. CIV-10-841-HE (W.D. Okla. March 4, 2011); *Hunter v. Astrue*, Case No. CIV-06-695 (TCK-PJC)(N.D. Okla. April 22, 2008); and *George v. Astrue*, Case No. CIV-06-876-M (W.D. Okla. March 27, 2007). Additionally, Plaintiff asserts that the Magistrate Judge's reduction of the ALJ's burden at Step Five from "substantial evidence" to "some evidence" is not supported by case law, rule or regulation. Pursuant to 28 U.S.C. § (b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

The Magistrate Judge concluded, based in part on Social Security Rule 00-4p, 2000 WL 1898704 (Dec. 4, 2000), that the ALJ could properly rely on the VE's testimony rather than the DOT as "some evidence" that jobs existed in the local and national economies that Plaintiff could perform despite her limitations. *See* Report and Recommendation at pp. 7-9. He also concluded that the ALJ satisfied his burden to investigate and elicit a reasonable explanation for the alleged conflict between the VE's testimony and the DOT by asking the VE to point out any conflict and the VE's failure to do so, *id.* at p. 10, and further pointed out that the Plaintiff has failed to cite to the DOT in support of her contention that the VE's

testimony conflicted with the DOT. *Id.* at pp. 10-11.

Prior to the VE's testimony, the ALJ queried the VE and the VE responded as follows:

Q: I'm going to be asking you some questions. If the information you supply to me is different from the information contained in the Dictionary of Occupational Titles or it's [sic] companion title, the Selected Characteristics of Occupations, could you please inform me of how it is different and why?

A: Yes.

In response to the second hypothetical question posed by the ALJ, Tr. at 49, and the ALJ's further question to the VE to give him up to three examples of sedentary jobs, *see* Tr. at 50, the VE stated "[a]ssembly work, there are 167,000 in the nation and 20,000 in the region; and machine operator, there's 91,000 in the national and 11,000 in the region." *Id.*

At Step Five, the ALJ found that Plaintiff did not have the residual functional capacity to perform the full range of sedentary work because additional limitations of the Plaintiff eroded her ability to perform substantially all of the requirements of that level of work. *Id.* at 21. He stated that the VE testified that an individual having Plaintiff's characteristics and residual functional capacity (RFC) "would be able to perform the requirements of representative occupations [which were unskilled and sedentary] such as assembly worker, 20,000 in region, 167,000 in nation and machine operator, 11,000 in region, 91,000 in nation." *Id.* The ALJ then made the specific finding at Step 5 that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569 and 404.1569(a))."

In *Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999), the Tenth Circuit held that an "ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." 196 F.3d 1091. The Tenth Circuit cited two examples of a "reasonable" or "valid" explanation between VE testimony and the Dictionary of Occupational Titles ("DOT"). One example was that the job the VE was testifying about is not in the DOT but is documented in some other acceptable source. *Id.* The other was that a certain number or percentage of a particular job is performed at a lower RFC level than the DOT shows the job to generally require. *Id.* at 1091-92.

In this case, the conflict between the VE's testimony and the DOT was not apparent to the ALJ because the VE never identified the DOT numbers of the jobs she said the claimant could perform and the ALJ never inquired of the VE as to the DOT numbers of the jobs of "assembly worker" or "machine operator" nor, apparently, did the ALJ ever make any attempt to ascertain whether the jobs were listed as such in the DOT. But a conflict nevertheless existed because the DOT does not list "assembly worker" or "machine operator" as specific jobs. Rather, those are general categories of jobs. There is no job of sedentary, unskilled "assembly worker" *per se* in the DOT. Indeed, a search of the DOT on Westlaw for "assembly" yields 1391 results. Assuming, without deciding, that the ALJ and VE meant the job of "assembler," there are more than 50 different assembler jobs, with many subcategories, varying widely in exertional and skill requirements. None of the listed

"machine operator" jobs in the DOT appear as sedentary, unskilled jobs and a search of the DOT on Westlaw for "machine operator" yields 1477 results.

The ALJ has a duty to fully develop the record. *Haddock*, 196 F.3d at 1091. "Questioning a vocational expert about the sources of his opinion and any deviations from a publication recognized as authoritative by the agency's own regulations falls within this duty." *Id.* Indeed, pursuant to 20 C.F.R. § 404.1566(d)(1), "an ALJ, since he or she has the burden at step five, must correlate a VE's testimony in an individual case with vocational information provided in the Dictionary of Occupational Titles or other reliable publications." *Haddock v. Apfel*, 196 F.3d at 1089. The ALJ did not do that in this case. and, as a result, he did not discover that the VE's identified jobs did not appear in the DOT and the apparent conflict between the VE's testimony and the DOT. As a further sequella, the ALJ failed to investigate and elicit a reasonable explanation for the apparent conflict between the DOT and the VE's testimony. Hence, the ALJ may not rely on the VE's testimony as substantial evidence to support a determination of nondisability at Step Five. *Haddock*, 196 F.3d at 1084.

The Commissioner identified three sedentary, unskilled jobs listed in the DOT which would fall within the general category of "assembly work"[1] and three specific machine operator jobs[2] listed in the DOT as sedentary unskilled jobs in an attempt to show that there

---

[1] Assembler, DOT 700.684-14; Pallet Assembler DOT 715.684-154; and Lock Assembler, DOT 706.684-074.

[2] Photocopying – Machine Operator, DOT 207.685-014; Folding – Machine Operator, DOT 208.685-014; and Inserting – Machine Operator, DOT 208.685-018.

was no conflict between the VE's testimony and the DOT. However, none of those jobs was identified by the VE and, moreover, the Commissioner has not provided any evidence as to in what numbers those jobs exist in the national and regional economies or shown that those numbers match the numbers to which the VE testified and hence that the jobs identified by the Commissioner must be the ones to which the VE was referring. The Commissioner's identification of sedentary unskilled jobs in the DOT that he contends fall within the general categories of jobs which the VE testified and the ALJ found the Plaintiff could perform are post-hoc justifications that require the Court to impermissibly guess as to the jobs the VE was attempting to describe.

The Court cannot say that the ALJ's error was harmless. It "maybe appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, *i.e.,* where, based on material that the ALJ did at least consider (just not properly), . . . [a court] could confidently say that no reasonable factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). In this case, the Court cannot say that the ALJ even considered whether the Plaintiff could perform the jobs now identified by the Commissioner or whether those jobs existed in significant numbers in the national and/or regional economies. There is simply no indication in the record that the ALJ did so.

In summary, as the Tenth Circuit said in *Carpenter v. Astrue*, 537 F.3d 1264 (10th Cir. 2008), where the VE identified categories of jobs rather than specific jobs in the DOT, "[t]he ALJ is obligated to explain conflicts between a VE's testimony and a job description in the

DOT, however, and therefore must elicit enough vocational evidence for this court to determine whether there is a conflict." 537 F.3d at 1271, *citing Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir. 1999). This the ALJ did not do in this case. The ALJ asked the VE if the VE would inform him whether any information the VE supplied him was different from information contained in the DOT or its companion title, the Selected Characteristics of Occupations, how it is different and why, to which the VE responded in the affirmative. Tr. at 48. However, the VE never volunteered that he was merely identifying categories of jobs and the ALJ failed in his duty to elicit sufficient information to determine if there was a conflict and to meet his burden at step five. The ALJ's decision at Step Five is not supported by substantial evidence in the record.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 16] is REJECTED and the decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits is REVERSED and REMANDED for further proceedings consistent with this Order.

IT IS SO ORDERED this 18th day of May, 2011.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE